# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:15-cv-1299** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **NETFLIX, INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## NETFLIX'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM

## TABLE OF CONTENTS

I.    BACKGROUND ........................................................................................................ 2

II.   LEGAL STANDARD............................................................................................... 2

      A.    Invalidating A Patent Under 35 U.S.C. §§ 101/112 Is Proper Under Rule 12 ....... 2

            1.    Patent Eligibility Is A Question Of Law...................................................... 2

            2.    Indefiniteness Is A Question Of Law............................................................ 3

      B.    The Supreme Court's Section 101 *Alice* Test ........................................................ 3

      C.    Mixed Method And Apparatus Claims Are Prohibited ........................................... 5

            1.    A Claim Cannot Be Rewritten .................................................................... 6

III.  ARGUMENT ........................................................................................................... 7

      A.    Claims 1-45 and 49-59 Are Invalid As Indefinite .................................................. 7

            1.    Fatal Recitation Of "Method And Apparatus"........................................... 7

            2.    Fatal Recitation Of Apparatus And Method Of Using That Apparatus...... 7

      B.    Claims 46-48 Are Ineligible Under 35 U.S.C. § 101 ............................................ 12

            1.    Claim 46........................................................................................................ 13

            2.    Claims 47 and 48 ......................................................................................... 14

IV.   CONCLUSION...................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l,*
134 S. Ct. 2347 (2014) ........................................................................................4, 5, 14, 15

*Ariba, Inc. v. Emptoris, Inc.,*
Civil Action No. 9:07-CV-090, 2008 U.S. Dist. LEXIS 59862 (E.D. Tex. Aug.
7, 2008) ........................................................................................................................7

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)......................................................................................................2

*Atmel Corp. v. Info. Storage Devices, Inc.,*
198 F.3d 1374 (Fed. Cir. 1999)....................................................................................3

*Bancorp Servs., L.L.C., v. Sun Life Assurance Co. of Can.,*
687 F.3d 1266 (Fed. Cir. 2012), *cert. denied*, 134 S.Ct. 2870 (2014) ......................5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)......................................................................................................2

*In re Bilski,*
545 F.3d 943 (Fed. Cir. 2008) (*en banc*), *aff'd on other grounds*, 561 U.S. 593 .....................5

*Bilski v. Kappos,*
561 U.S. 593 (2010)...................................................................................................3, 4

*Cardpool Inc. v. Plastic Jungle, Inc.,*
No. C. 12-04182, 2013 WL 245026 (N.D. Cal. Jan. 22, 2013) .................................3

*Chef Am., Inc. v. Lamb-Weston, Inc.,*
358 F.3d 1371 (Fed. Cir. 2004)....................................................................................6

*Clear with Computers, LLC v. Altec Inds., Inc.,*
No. 6:14-cv-00079, 2015 WL 993392 (E.D. Tex. Mar. 3, 2015) ..............................3

*Clear with Computers, LLC v. Dick's Sporting Goods, Inc.,*
No. 6:12-cv-00674-LED, 2014 WL 923280 (E.D. Tex. Jan. 21, 2014) (Davis,
J.)...................................................................................................................................3

*Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,*
558 F. App'x 988 (Fed. Cir. 2014) .............................................................................4

*E-Watch Inc. v. Apple, Inc.,*
No. 2:13-cv-1061, 2015 WL 1387947 (E.D. Tex. Mar. 25, 2015)...............5, 11, 12

*Eclipse IP LLC v. McKinley Equipment Corp.*,
   No. SACV 14-742-GW, 2014 WL 4407592 (C.D. Cal. Sept. 4, 2014)...................................3

*Genetic Techs. Ltd. v. Lab. Corp. of Am. Holdings*,
   No. 12-1736-LPS-CJB, 2014 WL 4379587 (D. Del. Sept. 3, 2014) .........................................3

*HTC Corp. v. IPCom GmbH & Co., KG*,
   667 F.3d 1270 (Fed. Cir. 2012).................................................................................................8

*InterDigital Commc'ns, Inc. v. ZTE Corp.*,
   No. 13-cv-009, 2014 U.S. Dist. LEXIS 55518 (D. Del. Apr. 22, 2014)...................................6

*IPXL Holdings, LLC v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005)..........................................................................................5, 7, 8

*Kroy IP Holdings, LLC v. Safeway, Inc.*,
   No. 2:12-cv-800-WCB, 2015 WL 3452469 (E.D. Tex. May 29, 2015)...................................5

*Ex parte Lyell*,
   17 U.S.P.Q.2d 1548 (1990)........................................................................................................6

*Ex parte Lyell*,
   17 USPQ2d 1548 (1990)........................................................................................................5, 6

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
   132 S. Ct. 1289 (2012)................................................................................................................4

*Microprocessor Enhancement Corp. v. Texas Instruments Inc.*,
   520 F.3d 1367 (Fed. Cir. 2008)..................................................................................................8

*Neitzke v. Williams*,
   490 U.S. 319 (1989)....................................................................................................................2

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
   545 F.3d 1359 (Fed. Cir. 2008)..................................................................................................3

*Novo Indus., L.P. v. Micro Molds Corp.*,
   350 F.3d 1348 (Fed. Cir. 2003)................................................................................................12

*OIP Techs., Inc. v. Amazon.com, Inc.*,
   *788* F.3d 1359 (Fed. Cir. 2015) (Mayer, J. concurring)..........................................................3

*OIP Techs., Inc. v. Amazon.com, Inc.*,
   No. C-12-1233, 2012 WL 3985118 (N.D. Cal. Sept. 11, 2012)...............................................3

*Ortho–McNeil Pharm., Inc. v. Mylan Labs., Inc.*,
   520 F.3d 1358 (Fed. Cir. 2008)................................................................................................12

*Rembrandt Data Techs., LP v. AOL, LLC*,
   641 F.3d 1331 (Fed. Cir. 2011)................................................................................6

*SFA Sys., LLC v. 1-800-Flowers.com*,
   940 F. Supp. 2d 433 (E.D. Tex. 2013) (Davis, C.J.)..................................................6

*Tuxis Techs., LLC v. Amazon.com, Inc.*,
   No. 13-1771-RGA, 2014 WL 4382446 (D. Del. Sept. 3, 2014)..............................3

*UbiComm, LLC v. Zappos IP, Inc.*,
   No. 13-1029, 2013 WL 6019203 (D. Del. Nov. 13, 2013)......................................3

*Ultramercial, Inc. v. Hulu, LLC*,
   772 F.3d 709 (Fed. Cir. 2014)..........................................................................2, 13

**Statutes**

35 U.S.C. § 101 ....................................................................................... *passim*

35 U.S.C. § 112 ...........................................................................................1, 13

35 U.S.C. § 112, ¶ 2 .........................................................................1, 5, 6, 8, 13, 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)......................................................................................2, 3

Defendant Netflix, Inc. ("Netflix") hereby moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff CryptoPeak Solutions' Complaint because all the claims of the asserted patent are invalid on arrival.

First, claims 1-45 and 49-59 of U.S. Patent No. 6,202,150 are indefinite under 35 U.S.C. § 112 as each claim is ***expressly directed to both an apparatus and a method***, in violation of Federal Circuit law prohibiting a claim from covering more than one statutory class of subject matter. As exemplified by claim 1 reproduced below, the plain language of claims 1-45 and 49-59 either expressly recite "[a] method and apparatus," or are directed to an apparatus and prescribe a method for using that apparatus:

> 1.      A ***method and apparatus for*** generating public keys and a proof that the keys were generated by a specific algorithm comprising the steps of …

'150 Patent, claim 1 (emphasis added).

Second, claims 46, 47, and 48 of the '150 Patent are ineligible for protection under 35 U.S.C. § 101 because they recite abstract ideas in the form of mathematical concepts and transformations. For example, claim 46 merely recites the mathematical relationship between three or more prime numbers:

> 46. A cryptosystem with keys based on three or more distinct prime numbers with arithmetic relations between them.

It can be no more evident that this claim fails every test for patent eligibly under Section 101. Claims 47 and 48, having the same deficiencies, suffer the same fate of ineligibility.

Accordingly, and as further explained below, the grounds for invalidity of all the claims of the '150 Patent are manifest; no claim construction, discovery, or factual inquiry is needed. These threshold issues dispose of the case. Moving forward with the case would unnecessarily expend judicial and party resources on an unsustainable patent.

I.      **BACKGROUND**

CryptoPeak filed suit against Netflix alleging infringement of U.S. Patent No. 6,202,150

("the '150 Patent"). Entitled "Auto-escrowable and auto-certifiable cryptosystems," the '150

Patent purports to be generally directed to cryptography techniques used to encrypt and decrypt

electronically transmitted data. '150 Patent, col. 1, ll. 6-12. CryptoPeak's patent has 59 claims,

all of which are invalid for reasons set forth in this motion.

II.     **LEGAL STANDARD**

A.      **The Court Should Use Rule 12 To Invalidate The Patent Under 35 U.S.C. §§
        101 & 112 Now**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

complaint that fails to state a claim upon which relief can be granted instead of answering the

complaint. Fed. R. Civ. P. 12(b)(6). This rule is an important procedural mechanism that

"authorizes a court to dismiss a claim on the basis of a dispositive issue of law" and "streamlines

litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S.

319, 326-27 (1989). Threshold legal issues are ripe now because "the tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Failure to recite statutory subject matter should "be

exposed at the point of minimum expenditure of time and money by the parties and the court."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quotation and citation omitted).

1.      *Patent Eligibility Is A Question Of Law*

Issues under 35 U.S.C. § 101 are properly considered under Rule 12. *See Ultramercial,*

*Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014) (affirming dismissal under Rule 12(b)(6)).

As Judge Mayer explained, addressing 35 U.S.C. § 101 at the outset is efficient and practical:

Addressing 35 U.S.C. § 101 at the outset not only conserves scarce judicial

2

resources and spares litigants the staggering costs associated with discovery and protracted claim construction litigation, it also works to stem the tide of vexatious suits brought by the owners of vague and overbroad business method patents. Accordingly, where, as here, asserted claims are plainly directed to a patent ineligible abstract idea, we have repeatedly sanctioned a district court's decision to dispose of them on the pleadings.

*OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1364-65 (Fed. Cir. 2015) (Mayer, J., concurring).

Accordingly, the Section 101 inquiry is a "threshold test" properly decided on a motion to dismiss under Rule 12(b)(6).[1] *Bilski v. Kappos*, 561 U.S. 593, 602 (2010).

## 2.   *Indefiniteness Is A Question Of Law*

"A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999) (citation omitted). As a question of law, indefiniteness is an issue that is amenable to summary judgment. *See, e.g.*, *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1364, 1367 (Fed. Cir. 2008). For the same reason, indefiniteness is amenable to judgment under Rule 12.

## B.   The Supreme Court's Section 101 *Alice* Test

Section 101 provides that "[w]hoever invents or discovers any new and useful process,

---

[1] *See also, e.g.*, *Clear with Computers, LLC v. Altec Inds., Inc.*, No. 6:14-cv-00079, 2015 WL 993392 (E.D. Tex. Mar. 3, 2015) (granting Rule 12(b)(6) motion); *Eclipse IP LLC v. McKinley Equipment Corp.*, No. SACV 14-742-GW, 2014 WL 4407592 (C.D. Cal. Sept. 4, 2014) (same); *Genetic Techs. Ltd. v. Lab. Corp. of Am. Holdings*, No. 12-1736-LPS-CJB, 2014 WL 4379587 (D. Del. Sept. 3, 2014) (same); *Tuxis Techs., LLC v. Amazon.com, Inc.*, No. 13-1771-RGA, 2014 WL 4382446 (D. Del. Sept. 3, 2014) (same); *UbiComm, LLC v. Zappos IP, Inc.*, No. 13-1029, 2013 WL 6019203, at *6 (D. Del. Nov. 13, 2013) (same); *Cardpool Inc. v. Plastic Jungle, Inc.*, No. C. 12-04182, 2013 WL 245026, at *4 (N.D. Cal. Jan. 22, 2013) (same); *OIP Techs., Inc. v. Amazon.com, Inc.*, No. C-12-1233, 2012 WL 3985118, at *20 (N.D. Cal. Sept. 11, 2012) (same); *Clear with Computers, LLC v. Dick's Sporting Goods, Inc.*, No. 6:12-cv-00674-LED, 2014 WL 923280, at *3-4, *6-7 (E.D. Tex. Jan. 21, 2014) (Davis, J.) (granting Rule 12(c) motion based on § 101 patent ineligibility).

machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has explained, however, that Section 101 "contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (*quoting Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013)); *see also Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012); *Bilski*, 561 U.S. at 601.  Abstract ideas "are 'part of the storehouse of knowledge of all men . . . free to all men and reserved exclusively to none.'" *Bilski*, 561 U.S. at 602 (*quoting Funk Bros. Seed Co. v. Kalo Inoculant Co.*, 333 U.S. 127, 130 (1948)).

The Supreme Court has set forth a two-part test to determine the patent eligibility of claims under Section 101. *Alice*, 134 S. Ct. at 2355. First, a court determines whether the claims "are directed to a patent-ineligible concept," such as an abstract idea. *Id*. If so, a court proceeds to the second step and must "search for an inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id*.  These "additional elements" must be "more than simply stating the abstract idea while adding the words 'apply it.'" *Id*. at 2357. For example, "the well-known concept of categorical data storage, *i.e.*, the idea of collecting information in classified form, then separating and transmitting that information according to its classification is an abstract idea that is not patent-eligible." *Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 F. App'x 988, 992 (Fed. Cir. 2014). Moreover, "well-understood, routine, conventional activity" or technology—including general-purpose computers and computer networks—does not provide an "inventive concept." *Alice*, 134 S. Ct. at 2357-59 (quoting *Mayo*, 132 S. Ct. at

1294). "Thus, if a patent's recitation of a computer amounts to a mere instruction to implement an abstract idea on a computer, that addition cannot impart patent eligibility." *Id.* at 2358. "The greater efficiency with which the computer can perform tasks that a human could perform does not render the inventions patentable." *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-cv-800-WCB, 2015 WL 3452469 at *13 (E.D. Tex. May 29, 2015).

The second prong of the *Alice* test can be informed by the "machine-or-transformation" test. *See Bancorp Servs., L.L.C., v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1278 (Fed. Cir. 2012) (holding that the machine-or-transformation test remains an important clue in determining whether some inventions are processes under § 101), *cert. denied*, 134 S.Ct. 2870 (2014). A claimed process can be patent-eligible under § 101 if: "(1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing." *In re Bilski*, 545 F.3d 943, 954 (Fed. Cir. 2008) (*en banc*), *aff'd on other grounds*, 561 U.S. 593.

### C.     Mixed Method And Apparatus Claims Are Prohibited

"Section 112, paragraph 2, requires that the claims of a patent 'particularly point out and distinctly claim the subject matter which the applicant regards as his invention.'" *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) (quoting 35 U.S.C. § 112, ¶ 2); *E-Watch Inc. v. Apple, Inc.*, No. 2:13-cv-1061, 2015 WL 1387947 (E.D. Tex. Mar. 25, 2015) (Payne, M.J.).[2] The Federal Circuit has held that "reciting both an apparatus and a method of using

---

[2] The *IPXL* Court explained the motivation for this *per se* rule:

> The Board of Patent Appeals and Interferences ("Board") of the PTO … has made it clear that reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2. *Ex parte Lyell,* 17 USPQ2d 1548 (1990). As the Board noted in *Lyell,* "the statutory class of invention is important in determining patentability and infringement." *Id.* at 1550 (citing *In re Kuehl,* 475 F.2d 658, 665 (1973); *Rubber Co. v. Goodyear,* 9 Wall. 788, 76 U.S. 788, 796, 19 L.Ed. 566 (1869)). The Board correctly surmised that, as a result of the combination

that apparatus renders a claim indefinite under section 112, paragraph 2." *Rembrandt Data Techs.,*

*LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011) (quoting *IPXL Holdings*, 430 F.3d at 1384);

*SFA Sys., LLC v. 1-800-Flowers.com*, 940 F. Supp. 2d 433, 454 (E.D. Tex. 2013) (Davis, C.J.)

("A single claim that recites two separate statutory classes of invention, *e.g.*, "an apparatus and a

method of using that apparatus," renders the claim indefinite under 35 U.S.C. § 112 ¶ 2.") (*citing*

*IPXL*, 430 F.3d at 1384 and *Ex parte Lyell*, 17 U.S.P.Q.2d 1548 (1990).

### 1.    *A Claim Cannot Be Rewritten*

The Court may not rewrite a claim to preserve its validity:

> [C]ourts may not redraft claims, whether to make them operable or to sustain their
> validity. Even 'a nonsensical result does not require the court to redraft the claims
> of the [ ] patent. Rather, where as here, claims are susceptible to only one reasonable
> interpretation and that interpretation results in a nonsensical construction of the
> claim as a whole, the claim must be invalidated.'

*Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004) (citations omitted);

*see also Rembrandt Data Techs.*, 641 F.3d at 1340 ("[C]ourts may not redraft claims, whether to

make them operable or to sustain their validity.") (*quoting Chef Am.*, 358 F.3d at 1374). In

particular, "correcting an apparatus claim that includes an improper method step is not

permissible." *InterDigital Commc'ns, Inc. v. ZTE Corp.*, No. 13-cv-009, 2014 U.S. Dist. LEXIS

---

of two separate statutory classes of invention, a manufacturer or seller of the
claimed apparatus would not know from the claim whether it might also be liable
for contributory infringement because a buyer or user of the apparatus later
performs the claimed method of using the apparatus. *Id.* Thus, such a claim "is not
sufficiently precise to provide competitors with an accurate determination of the
'metes and bounds' of protection involved" and is "ambiguous and properly
rejected" under section 112, paragraph 2. *Id.* at 1550–51. This rule is well
recognized and has been incorporated into the PTO's *Manual of Patent
Examination Procedure.* § 2173.05(p)(II) (1999) ("A single claim which claims
both an apparatus and the method steps of using the apparatus is indefinite under
35 U.S.C. 112, second paragraph."); *see also* Robert C. Faber, *Landis on Mechanics
of Patent Claim Drafting* § 60A (2001) ("Never mix claim types to different classes
of invention in a single claim.").

55518, at **12-14 (D. Del. Apr. 22, 2014)

## III.    ARGUMENT

### A.    Claims 1-45 and 49-59 Are Invalid As Indefinite

Each of claims 1-45 and 49-59 of the '150 Patent either expressly claims a method and apparatus, or expressly claims an apparatus and a method of using that apparatus, or both, and are thus invalid.

#### 1.    *Fatal Recitation Of "Method And Apparatus"*

Claims 1-12, 15-18, 21, 23, 25-45, and 49-59 recite "a method and apparatus."[3] For this reason alone, these claims are invalid on their face, and the Court should declare so at this stage. *See, e.g.*, *IPXL*, 430 F.3d at 1384.

#### 2.    *Fatal Recitation Of Apparatus And Method Of Using That Apparatus*

In addition to the language identifying certain of the claims as covering a "method and apparatus," claims 1-38, 42-45, and 49-59 of the '150 Patent expressly require an apparatus, and method steps for using that apparatus. For example, claim 13 recites a "cryptosystem" and two steps that "users" of the cryptosystem must perform:

13.    A **cryptosystem** wherein the private key agreed upon by the users is available to the key recovery agent or agents **comprising the steps of**:

a **first user**, based on its own private key and a second user's public key, **generates** a resulting string;

said **second user**, based on its own private key and said first user's public key, **generates** said resulting string;

said resulting string is recoverable by the key recovery agents.

---

[3] Claims that depend from indefinite, invalid independent claims incorporate by that dependency the failures of their parent claims and are also invalid. *See Ariba, Inc. v. Emptoris, Inc.*, Civil Action No. 9:07-CV-090, 2008 U.S. Dist. LEXIS 59862, *25 (E.D. Tex. Aug. 7, 2008) ("Because claim 31 recites both an apparatus and a method, it is indefinite and therefore invalid under 35 U.S.C. § 112(2). Its dependent claims . . . are likewise invalid.") (Clark, J.).

'150 Patent, claim 13 (emphasis added).

A valid apparatus claim must recite only structural limitations (*i.e.*, structure or capabilities of structure) or functional language subject to 35 U.S.C. § 112, ¶ 6. *See Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1375 (Fed. Cir. 2008); *see also HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d 1270, 1277-78 (Fed. Cir. 2012). The defect in claim 13 here is the same as that in the *IPXL* case. There, the dependent claim at issue recited a "system," and a method for use of that system, by a user:

> The *system of claim 2* [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, and *the user uses the input means* to either change the predicted transaction information or accept the displayed transaction type and transaction parameters.

*IPXL Holdings*, 430 F.3d at 1384 (quoting U.S. Patent No. 6,149,055). In its analysis, the Federal Circuit stated that because "it is unclear whether infringement of claim 25 occurs when one creates a system that allows the user to change the predicted transaction information or accept the displayed transaction, or whether infringement occurs when the user actually uses the input means to change transaction information or uses the input means to accept a displayed transaction," the claim was invalid under section 112, paragraph 2. *Id.*

Such a defect is found in each of claims 1-38, 42-45, and 49-59 of the '150 Patent. Each claims an apparatus (underlined below) and then one or more method steps (bolded) of using that apparatus:

| Independent Claim | Dependent Claim(s) | Exemplary Language Reciting Both An Apparatus And Method Of Using That Apparatus |
|---|---|---|
| 1, 2 | | "A **method** and apparatus . . . comprising **the steps of**: the user's system **generating** . . . the user **running** . . . |

| 3 | 5-7 | "A **method** and <u>apparatus</u> . . . comprising **the steps of**:<br>    the user's system **reading** . . .<br>    the user's system **running** . . .<br>    the user's system **constructing** . . . ." |
|---|---|---|
| 4 | 8 | "A **method** and <u>apparatus</u> . . . comprising **the steps of**:<br>    the user **generating** . . .<br>    the user **sending** . . . ." |
| 9 | 10, 45 | "A **method** and <u>apparatus</u> . . . comprising of **the following steps**:<br>    the key recovery agent **reading** . . .<br>    **running** a key recovery algorithm . . . ." |
| 11 | 12 | "A **method** and <u>apparatus</u> . . . comprising of **the following steps**:<br>    a subset of said set of key recovery agents **read** the user's public key . . .<br>    each member of said subset **run** a key recovery algorithm . . .<br>    **running** said key recovery algorithm . . . ." |
| 13, 14 | | "A <u>cryptosystem</u> . . . **comprising the steps** of:<br>    a first user [ ] **generates** . . . a resulting string . . .<br>    said second user [ ] **generates** said resulting string . . . ." |
| 15 | 49-51, 57 | "A **method** and <u>apparatus</u> . . .<br>    whereby: all parties **agree** on two domains . . .<br>    all parties **agree** on a value $g_1$ . . .<br>    escrow authorities **generate** . . . ." |
| 16 | 52-54, 58 | "A **method** and <u>apparatus</u> . . .<br>    whereby: all parties **agree** upon two domains . . .<br>    all parties **agree** on a primitive root $g_1$ . . .<br>    each escrow authority **chooses** . . .<br>    the escrow authorities **generate** . . . ." |

| | | |
|---|---|---|
| 17 | 18, 55, 56 | "A **method** and <u>apparatus</u> . . . then the user **takes the following steps**:<br><br> **accessing** . . .<br><br> **choosing** . . .<br><br> **calculating** . . .<br><br> **computing and outputting** . . . ." |
| 19 | | "An <u>apparatus</u> . . . whereby:<br><br> **a method for finding** a large primer . . .<br><br> the escrow authorities **generate** . . .<br><br> each escrow authority i **chooses** . . . ." |
| 20, 22 | 21, 23, 24, 59 | "An <u>apparatus</u> . . . **comprising the steps of**:<br><br> **choosing** a value k . . .<br><br> **computing** C . . .<br><br> **solving** for the private key x . . . |
| 25 | 26-28 | "A **method** and <u>apparatus</u> . . . **comprising the steps of**:<br><br> **having each user create** . . .<br><br> **providing** a certification authority . . .<br><br> upon a predetermined request, **having** the said escrow authorities use . . . ." |
| 29, 30, 34, 36 | 31-33, 35 | "A **method** and <u>apparatus</u> . . . **comprising the steps of**:<br><br> **having** the trustees hold pieces of information . . .<br><br> upon a predetermined request, **having** [a given number of] trustees each use . . . ." |
| 37 | 38 | "A **method** and <u>apparatus</u> . . . **comprising the steps of**:<br><br> **having** the trustees generate and publish . . .<br><br> **having** each use generate a public/private key . . .<br><br> **having** each use prove to a registration authority . . . ." |

| 42 | | "A **method** and <u>apparatus</u> . . . **comprising of the following steps**: |
| | | the first user in said pair **looks up** . . . |
| | | said pair of users **exchange messages** . . . |
| | | upon a court order which allows tapping of said session, the trustees of said PKI **reconstruct said random session key** . . . ." |
| 43 | | "A **method** and <u>apparatus</u> . . . **comprising the steps of**: |
| | | **having** the recovery authorities . . . |
| | | **having** users produce public keys . . . |
| | | **having** users produce encrypted files . . . upon a predetermined authenticated request of a user, |
| | | **having** the recovery authorities use their shares . . . ." |
| 44 | | "A **method** and <u>apparatus</u> . . . comprising of at least one of the **following steps** performed in an arbitrary order: |
| | | **choosing** . . . |
| | | **checking** the primality of said candidates . . . |
| | | **adding** a fixed even number . . . ." |
| 45 | | "A **method** and <u>apparatus</u> . . . the key recovery proceeds according to the **following steps**: |
| | | said agency A and said agency B **bilaterally agree** . . . |
| | | said agency A recovers said user l's private key . . . |
| | | said agency B **recovers** said user 2's private key . . . |
| | | said agencies A and B **exchange** information . . . ." |

'150 patent (annotations added). As with claim 13, the pattern of reciting both an apparatus and a

method of using that apparatus in each of these claims renders them indefinite.

A recent post-*IPXL* case illustrates the difference between allowable structural

capabilities and improper user actions. *See E-Watch*, 2015 WL 1387947, at *6. A claim at issue

in *E-Watch* recited an "[a]pparatus" comprising "operation of the input device *by the user*" and

"movement *by the user* of the portable housing" (referring to U.S. Patent No. 7,643,168, at

15:14-50). The plaintiff argued that the quoted language represented apparatus capabilities and did not "require a user to perform any steps to infringe." *E-Watch*, 2015 WL 1387947, at *5. The court rejected plaintiff's argument as an improper attempt to redraft the claims. *Id.* at *6. Instead, the court found that "the language used in the independent claims of [the subject patent] is directed to ***user actions, not system capabilities***." *See id.* (emphasis added).

Here, the claims of the '150 Patent are similarly recited in terms of a system and the use of that system by a user. The limitations in the independent claims improperly attempt to turn on the overall system and on how a user can use the system to generate (or "obtain," "pool," "choose," etc.) data. Thus, according to *E-Watch,* the patentee's mix of an apparatus and a method for using the apparatus in the same claim rendered the claims indefinite under the holding and rationale of *IPXL.*

The defect in these claims is so glaring that CryptoPeak's only choice is to request that the Court overlook the express words of the claims, construe the claims to read out certain language, or even correct the claims. But any such request is improper and should be rejected. The Court must read the claims as written, "not as the patentees wish they [ ] were written." *See E-Watch*, 2015 WL 1387947, at *6 (quoting *Chef Am.*, 358 F.3d at 1374). The Court's power to correct errors is limited and only allows correction of an obvious typographical or transcription error. *See Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003). The Court cannot redraft these claims to excise either "method" or "apparatus." *Ortho–McNeil Pharm., Inc. v. Mylan Labs., Inc.*, 520 F.3d 1358, 1362 (Fed. Cir. 2008) ("[C]ourts may not redraft claims, whether to make them operable or to sustain their validity.").

## B.     Claims 46-48 Are Ineligible Under 35 U.S.C. § 101

While all of the claims of the '150 Patent are believed to cover ineligible subject matter under Section 101, such examination of all the claims is unnecessary because the vast majority of

the claims are clearly invalid under Section 112 as explained above. As such, this motion under

35 U.S.C. § 101 is limited to claims 46-48 of the '150 Patent. These three claims are broadly

directed to an abstract idea, not limited in any meaningful way, and therefore should be held

ineligible under Section 101.

The § 101 analysis is performed under two prongs. First, a court should determine

whether the claims at issue are directed to one of [a set of] patent-ineligible concepts" including

"abstract ideas." *Ultramercial*, 772 F.3d at 714 (*quoting Alice Corp. Pty. Ltd. v. CLS Bank*

*Intern.*, 134 S. Ct. 2347, 2355 (2014)). Second, a court should "determine whether the claims do

significantly more than simply describe that abstract method." *Id.* at 715 (*citing Mayo*

*Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289, 1297 (2012)).

### 1.   *Claim 46*

Claim 46 recites:

46. A cryptosystem with keys based on three or more distinct prime numbers with
arithmetic relations between them.

This claim merely requires a) encryption keys, b) generated from three or more distinct prime

numbers, and c) the prime numbers are arithmetically related. The cryptosystem of claim 46 does

not require any specific hardware.

Under the first factor of the patent eligibility analysis, claim 46 is abstract. While

cryptography may be implied by the term "cryptosystem," the claim broadly covers any use of

three or more prime numbers to generate encryption keys. The claim's requirement of arithmetic

relations between the keys does not help. Any two numbers are necessarily arithmetically related

– for example, the prime numbers 5 and 7 are arithmetically related because $7 = 5 + 2$ – and

requiring the third claimed prime number also be arithmetically related does not make it any less

abstract. To the extent the arithmetic relationship between the keys is the focus of the claims (it

is the only limitation), such mathematical constructs are black letter examples unpatentable subject matter under 35 U.S.C. 101. *See Alice*, 134 S. Ct. at 2355-56.

Under the second prong of the eligibility analysis, this Court must consider whether the claim has significant limitations that might impart patentability. Claim 46 does not add any significant limitations. Claim 46 does not require any encryption algorithm, much less a specific algorithm. Claim 46 forecloses any use of encryption keys based on three or more distinct prime numbers. Nor does the claim require the use of any specialized software or hardware. This claimed "cryptosystem" may be a general purpose computer, but that would not save the claim. *Alice*, 134 S. Ct. at 2360 (patent claims that "amount to nothing significantly more than an instruction to apply [an] abstract idea . . . using some unspecified, generic computer" are "not enough to transform an abstract idea into a patent-eligible invention"). Claim 46 does not require anything beyond the generation of encryption keys from three prime numbers and thus should be held ineligible under 35 U.S.C. § 101.

## 2. *Claims 47 and 48*

Claims 47 and 48 are nearly identical claims and recite as follows:

47. A cryptosystem with encryption and decryption operations and key generation whereby operations are performed in any of three domains, F1, F2, and F3 such that F1 is the exponent domain of F2 and F2 is the exponent domain of F3.

48. A cryptosystem whereby operations are performed in any of three domains, F1, F2, and F3 such that F1 is the exponent domain of F2 and F2 is the exponent domain of F3.

Claim 48 omits the words "encryption and decryption operations and key generation" to suggest broader scope than claim 47, though additional scope is only possible if some cryptosystems do not perform both encryption and decryption or if some cryptosystems do not generate keys.

Under the first step of the subject matter analysis, claims 47-48 appear to cover any encryption system that satisfies a single abstract mathematical constraint, just like in claim 46. In

these claims, the constraint is that the operations of the claimed system are performed in three domains (a general mathematical concept) that are mathematically related in that some domains are the exponent domain of the others. Mathematical relationships fall squarely in the realm of unpatentable abstract ideas. *See Alice*, 134 S. Ct. at 2355-56.

Under the second step of the analysis, these claims do not include any significant limitations that might impart patentability. They do not require the use of any specialized hardware or software, or even use of a general purpose computer (not that it would help). Claims 47-48 do not require any encryption algorithm, much less a specific algorithm. The claims do not require anything beyond the performance of "operations" in three domains and should be held ineligible under § 101.

## IV.  CONCLUSION

As discussed above, claims 1-45 and 49-50 of the '150 Patent are indefinite under 35 U.S.C. § 112, ¶ 2 for claiming two classes of statutory subject matter, in violation of Federal Circuit law that this District has previously relied on to hold invalid claims with the same defect. Remaining claims 46-48 are directed to abstract ideas that are ineligible for patent protection under 35 U.S.C. § 101.

Accordingly, Netflix's motion should be granted and this case dismissed with prejudice for failure to state a claim because all claims of the '150 Patent are invalid.

Dated:  October 6, 2015

Respectfully submitted,

FISH & RICHARDSON P.C.

By:  */s/ Wasif Qureshi*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    Ricardo J. Bonilla
    rbonilla@fr.com
    Texas Bar No. 24082704
    1717 Main Street, Suite 5000
    Dallas, TX  75201
    (214) 747-5070 - Telephone
    (214) 747-2091 – Facsimile

    Wasif Qureshi
    qureshi@fr.com
    Texas Bar No. 24048155
    1221 McKinney Street, Suite 2800
    Houston, TX 77010
    (713) 654-5300 – Telephone
    (713) 652-0109 – Facsimile

    Aamir A. Kazi
    kazi@fr.com
    Georgia Bar No. 104235
    1180 Peachtree Street, N.E., 21st Floor
    Atlanta, GA  30309
    (404) 892-5005 – Telephone
    (404) 892-5002 – Facsimile

    **COUNSEL FOR DEFENDANT**
    **NETFLIX, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 6, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

    */s/ Wasif Qureshi*
    Wasif Qureshi

16