# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:15-cv-1299** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **NETFLIX, INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## NETFLIX'S RENEWED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................... 1

II.     LEGAL STANDARD............................................................................................ 2

        A.      The Court Should Use Rule 12 To Invalidate The Patent Under 35 U.S.C. § 112
                Now Because Indefiniteness Is A Question Of Law ............................................. 2

        B.      Mixed Method And Apparatus Claims Are Prohibited ......................................... 3

                1.      A Claim Cannot Be Rewritten .................................................................... 4

III.    ARGUMENT ......................................................................................................... 4

        A.      The Asserted Claims Are Invalid As Indefinite................................................... 4

                1.      Fatal Recitation Of "Method And Apparatus"........................................... 4

                2.      Fatal Recitation Of Apparatus And Method Of Using That Apparatus...... 5

IV.     CONCLUSION...................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................................2

*Atmel Corp. v. Info. Storage Devices, Inc.*,
   198 F.3d 1374 (Fed. Cir. 1999).....................................................................................2

*Chef Am., Inc. v. Lamb-Weston, Inc.*,
   358 F.3d 1371 (Fed. Cir. 2004).....................................................................................4

*Collaboration Props., Inc. v. Tandberg ASA*,
   No. C 05-01940, 2006 WL 1752140 (N.D. Cal. June 23, 2006) ...................................5

*E-Watch Inc. v. Apple, Inc.*,
   No. 2:13-cv-1061, 2015 WL 1387947 (E.D. Tex. Mar. 25, 2015) ...............................3, 6, 7, 8

*HTC Corp. v. IPCom GmbH & Co., KG*,
   667 F.3d 1270 (Fed. Cir. 2012).....................................................................................5

*InterDigital Commc'ns, Inc. v. ZTE Corp.*,
   No. 13-cv-009, 2014 U.S. Dist. LEXIS 55518 (D. Del. Apr. 22, 2014)........................4

*IPXL Holdings, LLC v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005).....................................................................................3, 4, 6

*Ex parte Lyell*,
   17 USPQ2d 1548 (1990)................................................................................................3

*Microprocessor Enhancement Corp. v. Texas Instruments Inc.*,
   520 F.3d 1367 (Fed. Cir. 2008).....................................................................................4, 5

*Neitzke v. Williams*,
   490 U.S. 319 (1989)......................................................................................................2

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
   545 F.3d 1359 (Fed. Cir. 2008).....................................................................................2

*Novo Indus., L.P. v. Micro Molds Corp.*,
   350 F.3d 1348 (Fed. Cir. 2003).....................................................................................8

*Ortho–McNeil Pharm., Inc. v. Mylan Labs., Inc.*,
   520 F.3d 1358 (Fed. Cir. 2008).....................................................................................8

*Rembrandt Data Techs., LP v. AOL, LLC*,
  641 F.3d 1331 (Fed. Cir. 2011)..........................................................................................3, 4

*SFA Sys., LLC v. 1-800-Flowers.com*,
  940 F. Supp. 2d 433 (E.D. Tex. 2013) (Davis, C.J.)............................................................3, 4

**Statutes**

35 U.S.C. § 112....................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 2

Defendant Netflix, Inc. ("Netflix") hereby moves under Fed. R. Civ. P. 12(b)(6) to

dismiss Plaintiff CryptoPeak Solutions, LLC's Complaint because all the claims asserted by

CryptoPeak are invalid on arrival.[1]

Claims 1-4 and 17 of U.S. Patent No. 6,202,150 ("the Asserted Claims")[2] are indefinite

under 35 U.S.C. § 112 as each claim is ***expressly directed to both an apparatus and a method***, in

violation of Federal Circuit law prohibiting a claim from covering more than one statutory class

of subject matter. As exemplified by claim 1 reproduced below, the plain language of the

Asserted Claims expressly recite "[a] method and apparatus":

> 1.      A ***method and apparatus for*** generating public keys and a
> proof that the keys were generated by a specific algorithm
> comprising the steps of …

'150 Patent, claim 1 (emphasis added). Accordingly, and as further explained below, the grounds

for invalidity of all the Asserted Claims are manifest; no claim construction, discovery, or factual

inquiry is needed. This threshold issue disposes of the case. Moving forward with the case would

unnecessarily expend judicial and party resources on unsustainable patent claims.

## I.      BACKGROUND

CryptoPeak filed suit against Netflix alleging infringement of U.S. Patent No. 6,202,150

("the '150 Patent"). Entitled "Auto-escrowable and auto-certifiable cryptosystems," the '150

Patent purports to be generally directed to cryptography techniques used to encrypt and decrypt

---

[1] In response to Netflix's Motion to Dismiss CryptoPeak's Complaint at Dkt. No. 16, CryptoPeak filed both an Amended Complaint (Dkt. No. 21) and a Response in Opposition (Dkt. No. 22). CryptoPeak's Amended Complaint would appear to have mooted Netflix's original motion, but to the extent it does not, the instant submission also serves as a reply to CryptoPeak's Response in Opposition.

[2] By way of its Amended Complaint, CryptoPeak asserts only claims 1-4 and 17 of the '150 Patent. (Dkt. No. 21, ¶¶ 19-20.)

electronically transmitted data. '150 Patent, col. 1, ll. 6-12. CryptoPeak's patent has 59 claims, all of which were potentially asserted against Netflix in CryptoPeak's Complaint. After Netflix filed a motion to dismiss the Complaint because all of the claims of the '150 Patent are invalid (Dkt. No. 16), CryptoPeak filed an Amended Complaint and restricted the Asserted Claims to claims 1-4 and 17 of the '150 Patent. (Dkt. No. 21 at 4-5.) The amendment does nothing to change the claims:  they are still invalid.

## II.    LEGAL STANDARD

### A.    The Court Should Use Rule 12 To Invalidate The Patent Under 35 U.S.C. § 112 Now Because Indefiniteness Is A Question Of Law

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted instead of answering the complaint. Fed. R. Civ. P. 12(b)(6). This rule is an important procedural mechanism that "authorizes a court to dismiss a claim on the basis of a dispositive issue of law" and "streamlines litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Threshold legal issues are ripe now because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999) (citation omitted). Indefiniteness is a question of law, and so is an issue that is amenable to summary judgment. *See, e.g.*, *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1364, 1367 (Fed. Cir. 2008).  For the same reason, indefiniteness is amenable to judgment under Rule 12.

### B.    Mixed Method And Apparatus Claims Are Prohibited

"Section 112, paragraph 2, requires that the claims of a patent 'particularly point out and distinctly claim the subject matter which the applicant regards as his invention.'" *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) (quoting 35 U.S.C. § 112, ¶ 2); *E-Watch Inc. v. Apple, Inc.*, No. 2:13-cv-1061, 2015 WL 1387947 (E.D. Tex. Mar. 25, 2015) (Payne, M.J.).[3] The Federal Circuit has laid down a *per se* rule for these type of claims: "reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2." *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011) (quoting *IPXL Holdings*, 430 F.3d at 1384); *SFA Sys., LLC v. 1-800-Flowers.com*, 940 F. Supp. 2d 433, 454 (E.D. Tex. 2013) (Davis, C.J.) ("A single claim that recites two separate statutory classes of invention, *e.g.*, "an apparatus and a method of using that apparatus," renders

---

[3] The *IPXL* Court explained the motivation for this *per se* rule:

The Board of Patent Appeals and Interferences ("Board") of the PTO . . . has made it clear that reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2. *Ex parte Lyell,* 17 USPQ2d 1548 (1990). As the Board noted in *Lyell,* "the statutory class of invention is important in determining patentability and infringement." *Id.* at 1550 (citing *In re Kuehl,* 475 F.2d 658, 665 (1973); *Rubber Co. v. Goodyear,* 9 Wall. 788, 76 U.S. 788, 796, 19 L.Ed. 566 (1869)). The Board correctly surmised that, as a result of the combination of two separate statutory classes of invention, a manufacturer or seller of the claimed apparatus would not know from the claim whether it might also be liable for contributory infringement because a buyer or user of the apparatus later performs the claimed method of using the apparatus. *Id.* Thus, such a claim "is not sufficiently precise to provide competitors with an accurate determination of the 'metes and bounds' of protection involved" and is "ambiguous and properly rejected" under section 112, paragraph 2. *Id.* at 1550–51. This rule is well recognized and has been incorporated into the PTO's *Manual of Patent Examination Procedure.* § 2173.05(p)(II) (1999) ("A single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. 112, second paragraph."); *see also* Robert C. Faber, *Landis on Mechanics of Patent Claim Drafting* § 60A (2001) ("Never mix claim types to different classes of invention in a single claim.").

the claim indefinite under 35 U.S.C. § 112 ¶ 2.") (*citing IPXL*, 430 F.3d at 1384 and *Ex parte*

*Lyell*, 17 U.S.P.Q.2d 1548 (1990)).

### 1.    *A Claim Cannot Be Rewritten*

The Court may not rewrite a claim to preserve its validity:

> [C]ourts may not redraft claims, whether to make them operable or to sustain their
> validity. Even 'a nonsensical result does not require the court to redraft the claims
> of the [ ] patent. Rather, where as here, claims are susceptible to only one reasonable
> interpretation and that interpretation results in a nonsensical construction of the
> claim as a whole, the claim must be invalidated.'

*Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004) (citations omitted);

*see also Rembrandt Data Techs.*, 641 F.3d at 1340. In particular, "correcting an apparatus claim

that includes an improper method step is not permissible." *InterDigital Commc'ns, Inc. v. ZTE*

*Corp.*, No. 13-cv-009, 2014 U.S. Dist. LEXIS 55518, at **12-14 (D. Del. Apr. 22, 2014)

## III.    ARGUMENT

### A.    The Asserted Claims Are Invalid As Indefinite

Each of the Asserted Claims expressly claims a method and apparatus and is thus invalid.

### 1.    *Fatal Recitation Of "Method And Apparatus"*

The invalidity of the claims asserted here is cut and dry.  The Asserted Claims recite "a

method and apparatus." Thus, a practitioner cannot know the scope of the Asserted Claims from

reading them because they explicitly claim "separate statutory classes of invention," an act

expressly forbidden by the law. *SFA Sys.*, 940 F. Supp. 2d at 454. For this reason alone, these

claims are invalid on their face, and the Court should declare so at this stage. *See, e.g.*, *IPXL*, 430

F.3d at 1384.

The express identification of the two statutory classes differentiates these claims from

those that courts have previously declined to invalidate for reciting system elements in a method

claim. *See, e.g.*, *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367,

1374 (Fed. Cir. 2008) (finding claim was not invalid as indefinite despite reciting a method of executing instructions on a processor, the structural limitations of the processor, and the method steps implemented in the processor); *Collaboration Props., Inc. v. Tandberg ASA*, No. C 05-01940, 2006 WL 1752140, at *4 (N.D. Cal. June 23, 2006) (upholding validity of claims that recited a "method of conducting a teleconference using a system . . ."). Unlike the claims in *Microprocessor Enhancement*, which are clearly labeled "***a method of*** [performing steps using specific structure identified within a nested preamble] . . ." the claims here require "***a method and apparatus*** comprising."  The preamble could not be more explicit that it attempts to cover both statutory classes. *Id.* They thus provide no clarity as to the covered statutory class. As such, the Asserted Claims are invalid on their face.

### 2.   *Fatal Recitation Of Apparatus And Method Of Using That Apparatus*

In addition to the language identifying the Asserted Claims as covering a "method and apparatus," the body of the claims describes an apparatus and method steps for using that apparatus.

A valid apparatus claim must recite only structural limitations (*i.e.*, structure or capabilities of structure) or functional language subject to 35 U.S.C. § 112, ¶ 6. *See Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1375 (Fed. Cir. 2008); *see also HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d 1270, 1277-78 (Fed. Cir. 2012). A method claim recites a series of steps, rather than requiring structure. The defect in claim 1 here is that the claim attempts to encompass both, just as in the *IPXL* case. In *IPXL*, the Federal Circuit invalidated a claim that recited on the one hand a "system," and on the other hand, method steps for use of that system, by a user:

> 25. The *system of claim 2* [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, and *the user uses the input means*

to either change the predicted transaction information or accept the displayed
transaction type and transaction parameters.

*IPXL Holdings,* 430 F.3d at 1384 (quoting U.S. Patent No. 6,149,055). Because "it is unclear

whether infringement of claim 25 occurs when one creates a system that allows the user to

change the predicted transaction information or accept the displayed transaction, or whether

infringement occurs when the user actually uses the input means to change transaction

information or uses the input means to accept a displayed transaction," the claim was invalid

under section 112, paragraph 2.  *Id.*

The same considerations apply here. For example, independent claim 1 of the '150 Patent

identifies a "user" and a "user's system" and then identifies steps that the "user's system" must

perform, and steps that the "user" must perform:

> 1.      A **method and apparatus** for generating public keys and a proof that the
> keys were generated by a specific algorithm **comprising the steps of**:
>
> **the user's system** generating a random string of bits based on system
> parameters;
>
> **the user** running a key generation algorithm to get a secret key and public
> key using the random string and public parameters;
>
> **the user** constructing a proof being a string of bits whose public availability
> does not compromise the secret key and wherein said constructing of said proof
> requires access to said key, but at the same time said proof provides confidence to
> at least one of a plurality of other entities that said public key was generated
> properly by the specified algorithm, and wherein said confidence is gained without
> having access to any portion of said key.

'150 Patent, claim 1 (emphasis added). The "step" is a process required of the user's system or

the user, but the user's system and the user are required as tangible elements of the claim. The

result, as the preamble states, is a "method and apparatus."

A recent post-*IPXL* case in this district illustrates this. *See E-Watch*, 2015 WL 1387947,

at *6. A claim at issue in *E-Watch* recited an "[a]pparatus" comprising "operation of the input

device ***by the user***" and "movement ***by the user*** of the portable housing" (referring to U.S. Patent No. 7,643,168, at 15:14-50). The court found that the language "by the user" referred to user actions, which were method steps, to be contrasted with system capabilities, which would be appropriate apparatus limitations. *Id.* at *6. The court rejected plaintiff's attempt to redraft the claims to read the "by the user" language out of the claims. *Id.* at *6.

Here, the Asserted Claims are similarly recited in terms of a system and the use of that system by a user. The limitations in the Asserted Claims improperly attempt to turn on the overall system and on how a user can use the system to generate (or "read," "access," "construct," *etc.*) data. Thus, in accordance with *E-Watch,* the patentee's mix of an apparatus (*i.e.*, the user's system) and a method steps (*i.e.*, the user actions) claim renders the claims indefinite under *IPXL*.

This defective recitation of multiple statutory classes is found on the face of each of the Asserted Claims. Each claims an apparatus (underlined below) and then one or more method steps (bolded) of using that apparatus:

| Asserted Claim | Exemplary Language Reciting Both An Apparatus And Method Of Using That Apparatus |
|---|---|
| 1, 2 | "A **method** and <u>apparatus</u> . . . comprising **the steps of**:<br>    <u>the user's system</u> **generating** . . .<br>    <u>the user</u> **running** . . . |
| 3 | "A **method** and <u>apparatus</u> . . . comprising **the steps of**:<br>    <u>the user's system</u> **reading** . . .<br>    <u>the user's system</u> **running** . . .<br>    <u>the user's system</u> **constructing** . . . ." |
| 4 | "A **method** and <u>apparatus</u> . . . comprising **the steps of**:<br>    <u>the user</u> **generating** . . .<br>    <u>the user</u> **sending** . . . ." |

| 17 | "A **method** and <u>apparatus</u> . . . then the user **takes the following steps**: |
| | **accessing** . . . |
| | **choosing** . . . |
| | **calculating** . . . |
| | **computing and outputting** . . . ." |

'150 patent (annotations added). As with claim 1, the pattern of reciting both an apparatus and a method of using that apparatus in each of these claims renders them indefinite.

The defect in these claims is so glaring that CryptoPeak's only choice is to request that the Court overlook the express words of the claims, construe the claims to read out certain language, or even correct the claims. CryptoPeak has done just that in its Amended Complaint, alleging that "**[n]otwithstanding that [the claims] generically recite the existence of 'apparatus' in their preambles**, each of the . . . Asserted Claims is a method claim . . . ." (Dkt. No. 21 at 4 (emphasis added).)

This request is improper and should be rejected. The Court must read the claims as written, "not as the patentees wish they [ ] were written." *See E-Watch*, 2015 WL 1387947, at *6 (quoting *Chef Am.*, 358 F.3d at 1374). The Court's power to correct errors is limited and only allows correction of an obvious typographical or transcription error. *See Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003). No matter how much CryptoPeak wishes the claims were written as only method claims, they each claim both a method and apparatus.  The Court cannot redraft these claims to excise either "method" or "apparatus." *Ortho–McNeil Pharm., Inc. v. Mylan Labs., Inc.*, 520 F.3d 1358, 1362 (Fed. Cir. 2008) ("[C]ourts may not redraft claims, whether to make them operable or to sustain their validity.").

8

## IV.    CONCLUSION

As discussed above, claims 1-4 and 17 of the '150 Patent are indefinite under 35 U.S.C.

§ 112, ¶ 2 for claiming two classes of statutory subject matter, in violation of Federal Circuit law

that this District has previously relied on to hold invalid claims with the same defect.

Accordingly, Netflix's motion should be granted and this case dismissed with prejudice

for failure to state a claim because the Asserted Claims are invalid.

Dated: November 23, 2015                    Respectfully submitted,

**FISH & RICHARDSON P.C.**

By:  /s/ *Wasif Qureshi*
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla
rbonilla@fr.com
Texas Bar No. 24082704
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 – Telephone
(214) 747-2091 – Facsimile

Wasif Qureshi
qureshi@fr.com
Texas Bar No. 24048155
1221 McKinney Street, Suite 2800
Houston, TX 77010
(713) 654-5300 – Telephone
(713) 652-0109 – Facsimile

Aamir A. Kazi
kazi@fr.com
Georgia Bar No. 104235
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
(404) 892-5005 – Telephone
(404) 892-5002 - Facsimile

**COUNSEL FOR DEFENDANT NETFLIX, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-59(a) on November 23, 2015.

/s/ *Wasif Qureshi*
Wasif Qureshi