# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CRYPTOPEAK SOLUTIONS, LLC, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 2:15-cv-1299 |
| v. | § § | JURY TRIAL DEMANDED |
| NETFLIX, INC., | § § | |
| *Defendant.* | § § § | |

**NETFLIX'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM**

Asserted claims 1, 2, 3, 4, and 17 of U.S. Patent No. 6,202,150 explicitly claim both "a method and an apparatus." This Court's analysis should end there—the law is clear that a claim that recites multiple statutory classes of invention is invalid as indefinite under 35 U.S.C. § 112, ¶ 2. In contravention to Federal Circuit law, CryptoPeak brazenly seeks to read out and ignore the express "and apparatus" claim language from each of the Asserted Claims. Despite CryptoPeak's wishes, the Court cannot rewrite the claims to avoid the indefiniteness of the claims, particularly here where the fatal defect is apparent from the face of the claims.

CryptoPeak's arguments in its response (Dkt. No. 27) are unavailing. First, CryptoPeak claims the preamble may not be limiting, but this argument misunderstands the proper query. The purpose of a preamble is to indicate the statutory class of the claim—the preambles here explicitly recite two separate classes. Indeed, CryptoPeak's own argument makes clear that the preamble informs the class (or classes here) to which the claim is directed. Moreover, the plain language of the Asserted Claims is all that is needed to determine that the claims are indefinite.

Second, even looking past the preamble, the Asserted Claims are like the claims in *e-*

*Watch* in that they include limitations that mix method steps and tangible elements within the body of the claim, unlike the claims in the *Microprocessor* case that CryptoPeak cites.

Third, CryptoPeak's argument regarding the standard of proof is irrelevant to the legal question of whether the Asserted Claims are invalid as indefinite.

Therefore, the Court should grant Netflix's motion.

## I. ARGUMENT

### A. The Preambles Impermissibly Indicate Multiple Statutory Classes of Invention

The preambles of the Asserted Claims are directed to multiple statutory classes of invention, a practice the law expressly forbids. Even where not limiting, preambles "***indicate the statutory class of the claim*** . . . [and] name or define the thing that is to be claimed." Robert C. Faber, LANDIS ON MECHANICS OF PATENT CLAIM DRAFTING § 2.4 (5th ed., release 7, 2008) (emphasis added). Here, that "thing" is a method and an apparatus.

CryptoPeak's argument that the preamble may not be limiting is misplaced. The question is not whether the preamble limits the scope of the Asserted Claims. Rather, the question is whether the Asserted Claims impermissibly attempt to lay claim to more than one statutory class of invention. In *Lyell,* the preamble recited "[a]n automatic transmission tool in the form of a workstand [*apparatus*] and *method* for using same." 17 U.S.P.Q.2d 1548, at *1 (Bd. Pat. App. & Interf. 1990). That claim was found indefinite:

> In the situation before us on appeal, it is clear that appellant's independent claim 2 is intended to embrace or overlap two different statutory classes of invention set forth in 35 USC 101. In our view, a claim of this type is precluded by the express language of 35 USC 101 which is drafted so as to set forth the statutory classes of invention in the alternative only. ***Further, we must agree with the examiner that a single claim which purports to be both a product or machine and a process is ambiguous and is properly rejected under 35 USC 112, second paragraph, for failing to particularly point out and distinctly claim the invention.***

2

*Id.* at *3 (emphasis added). The body of the claims in *Lyell* (like the claims here) included further evidence of the mixing of apparatus and method steps, but the preamble framed the issue. Thus, the Asserted Claims, which are directed to both a "method" and an "apparatus" in the preamble and in the body, deserve the same treatment as the claims-at-issue in *Lyell*. *SFA Systems, LLC v. 1-800-Flowers.com, Inc.*, 940 F. Supp. 2d 433, 454 (E.D. Tex. 2013) (citing *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005)) (emphasis added).

Further, ***CryptoPeak's own argument makes it clear that the preamble informs the class or classes to which a claim is directed***. Specifically, for example, CryptoPeak states that (unasserted) "Claims 19, 20, 22 and 24 of the '150 Patent . . . ***are undoubtedly . . . apparatus claims***" because they each begin with the words "An apparatus." (Resp. at 11 (emphasis added).) But those claims contain the same type of language in their bodies – "a method for" (claim 19), "comprising the steps of" (claims 20, 22, and 24) – that CryptoPeak says makes the Asserted Claims "simply method claims" (Resp. at 6.) Yet, CryptoPeak categorizes claims 19, 20, 22, and 24 as "undoubtedly" apparatus claims due to the words "An apparatus" in the preambles. Thus, CryptoPeak admits that the words in the preamble are important to determining the statutory class to which that claim is directed.

As evident from the above, Netflix's motion relies on the plain language of the claims – like what the Federal Circuit looked at in *IPXL* and *Rembrandt*. No further construction was relevant in those cases, and none is needed here. In other words, as Netflix's motion is not based on the scope of the claims, but rather on the expressly recited statutory classes to which the claims pertain, no claim construction is necessary.

Therefore, the Asserted Claims are clearly (and impermissibly) directed to two statutory

classes and are therefore invalid.

### B. The Asserted Claims are Similar to the Claims Held Indefinite in *e-Watch*

Leaving no doubt, the body of the Asserted Claims recite that which the preamble describes: a method, and an apparatus. CryptoPeak distracts from the proper inquiry by arguing that the Asserted Claims are method claims that can include "some recitation of physical structure or apparatus." (Resp. at 10.) This argument misses the mark because the Asserted Claims clearly require specific entities to perform the alleged method steps. Those entities—which are apparatus elements—are required in order to meet the limitations of the claims.

The rationale here is indistinguishable from *e-Watch, Inc. v. Apple, Inc.*, No. 2:13-cv-1061, 2015 WL 1387947 (E.D. Tex. Mar. 25, 2015). The claims under consideration in *e-Watch* included apparatus limitations, and then required some action "by the user" with those apparatus limitations. *See id.* at *6. It was not clear "whether the claim [was] infringed when the apparatus is made or sold, or when a user actually operate[d] the input device":

> Accordingly, like the claim language at issue in *IPXL*, **the language used in the independent claims of the '168 Patent is directed to user actions, not system capabilities**. Thus, the claims improperly mix an apparatus and a method of using the apparatus. Consistent with the court's holding in *IPXL*, **the independent claims are not definite as to whether the claim is infringed when the apparatus is made or sold, or when a user actually operates the input device**. *IPXL,* 430 F.3d at 1384. Consequently, the Court finds that the independent claims, and the respective dependent claims, are indefinite under 35 U.S.C. § 112, ¶ 2.

*Id.* (emphasis added).

The same is true of the Asserted Claims here. The claims self-identify as "a method and an apparatus"—which by itself renders the claims indefinite as explained above. The body of the claims starts off with a recitation of structure (i.e., "user" and "user's system"), followed by functional language that CryptoPeak contends is the method limitation. The result, like in *e-Watch*, is a claim that leaves everyone guessing as to what actions constitute direct infringement:

4

performing the functional language in the claims, or selling the structures that perform those functions.

CryptoPeak tries to liken its claims to those in *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, but the Federal Circuit's analysis there is instructive. 520 F.3d 1367 (Fed. Cir. 2008). In *Microprocessor*, the Federal Circuit addressed claims with the below format:

> A method of executing instructions in a pipelined processor comprising:
>
> *[structure describing the pipelined processor];*
>
> the method further comprising:
>
> *[method steps implemented in the pipelined processor].*

*Id.* at 1374. Despite the inclusion of structural elements, the preamble in *Microprocessor* was limited to a single statutory class (a "method"), the body of the claim recited only method steps, and there was no confusion: direct infringement occurred upon practicing the claimed method in a processor with the required structural limitations. *Id.* Thus, the claims were sufficiently definite. *Id.*

Here, the Asserted Claims mix apparatus elements (e.g., "the user's system") and method steps throughout. Just as it tries to rewrite the preamble, CryptoPeak asks the Court to ignore the structural limitations (e.g., "the user's system") at the front of each alleged method step. But using claim 1 as an example, as in *e-Watch*, an accused infringer would not know what constitutes an infringing act: (1) performing the "generating . . .", " running . . ." and "constructing . . ." steps of the claim, irrespective of who or what performs the steps; (2) making a device (e.g., a "user's system") that can perform the steps; (3) making a device that can perform some of the steps (those attributed to the "user's system") in combination with making some other device (e.g., a "user") that can perform the remaining steps; or (4) some combination

5

of the above. But this confusion and lack of clarity is exactly what the Federal Circuit has held cannot be sustained under 35 U.S.C. § 112. *See, e.g.*, *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005); *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331 (Fed. Cir. 2011).

## C. The Standard of Proof is Irrelevant

The standard of proof that CryptoPeak refers to – that invalidity must be shown by clear and convincing evidence – concerns the type of evidence that the Court must consider, but is irrelevant to an *IPXL* indefiniteness analysis, which is a question of law based on the statutory class of the invention. *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2253 (2011) (Breyer, J., concurring) ("I believe it worth emphasizing that in this area of law as in others the evidentiary standard of proof applies to questions of fact and not to questions of law."). Unlike validity challenges steeped in fact, such as anticipation, "[a] determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999) (citation omitted). Although the underlying facts must be shown with clear and convincing evidence, validity is itself a legal question reserved for the court:

> [W]e find it inappropriate to speak in terms of a particular standard of proof being necessary to reach a legal conclusion. Standard of proof relates to specific factual questions. While undoubtedly certain facts in patent litigation must be proved by clear and convincing evidence, ***the formulation of a legal conclusion on validity from the established facts is a matter reserved for the court***.

*SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 375 (Fed. Cir. 1983) (citation omitted) (emphasis added).[1]

---

[1] *See also Alza Corp. v. Mylan Labs., Inc.*, 464 F.3d 1286, 1289 (Fed. Cir. 2006) (explaining that because "a patent retains its statutory presumption of validity, . . . the movant retains the burden to show the invalidity of the claims by clear and convincing evidence as to ***underlying***

6

Here, there are no disputed issues of *fact* relevant to the invalidity inquiry based on indefiniteness. The Asserted Claims clearly recite both a "method" and an "apparatus," and the current motion (along with CryptoPeak's opposition) relies almost entirely on the plain language of the claims. CrypoPeak makes a half-hearted reference to the file history, but it is irrelevant here.

No further evidence is required. Expert testimony, for example, would not help this Court determine whether the claims cover multiple statutory classes of subject matter. The same is true for inventor testimony, which CryptoPeak incorrectly argues may be necessary. Regardless of the weight to be given to it, there is nothing the inventor can say to erase the explicit words of the claims in his own patent. The '150 Patent is simply invalid on its face for attempting to cover more than one statutory class in each of the Asserted Claims.

## II. CONCLUSION

Accordingly, Netflix's motion should be granted and this case dismissed with prejudice for failure to state a claim because the Asserted Claims are invalid.

---

*facts*") (emphasis added) (citation omitted); *R.R. Dynamics, Inc. v. A. Stucki Co.,* 727 F.2d 1506, 1515 (Fed. Cir. 1984) (stating that "legal conclusions are not proved; facts are").

Dated: December 21, 2015                    Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: /s/ Wasif Qureshi
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 – Telephone
(214) 747-2091 – Facsimile

Wasif Qureshi
qureshi@fr.com
Texas Bar No. 24048155
1221 McKinney Street, Suite 2800
Houston, TX 77010
(713) 654-5300 – Telephone
(713) 652-0109 – Facsimile

Aamir A. Kazi
kazi@fr.com
Georgia Bar No. 104235
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
(404) 892-5005 – Telephone
(404) 892-5002 - Facsimile

**COUNSEL FOR DEFENDANT NETFLIX, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-59(a) on December 21, 2015.

/s/ *Ricardo J. Bonilla*
Ricardo J. Bonilla