**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,** | |
| Plaintiff, | Case No. 2:15-cv-1288 |
| v. | **PATENT CASE** |
| **AOS, INC. d/b/a TRADING BLOCK,** | **JURY TRIAL DEMANDED** |
| Defendant. | |
| **BED BATH & BEYOND, INC.** | Case No. 2:15-cv-1290 |
| **NETFLIX, INC.** | Case No. 2:15-cv-1299 |
| **NEW YORK LIFE INSURANCE COMPANY** | Case No. 2:15-cv-1301 |
| **PETCO ANIMAL SUPPLIES, INC.** | Case No. 2:15-cv-1305 |
| **PLACE TRADE FINANCIAL, INC.** | Case No. 2:15-cv-1307 |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | Case No. 2:15-cv-1314 |
| **THE PNC FINANCIAL SERVICES GROUP, INC.** | Case No. 2:15-cv-1315 |

**PLAINTIFF CRYPTOPEAK'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'
RENEWED MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)**

Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

*Attorneys for Plaintiff
CryptoPeak Solutions, LLC*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ......................................................................................................................1

ARGUMENT AND AUTHORITIES ..........................................................................................2

      A.     The Motions to Dismiss Should Be Denied Because the Potentially Asserted
              Claims Are Proper "Method" Claims and not Improper "Mixed Subject
              Matter" Claims ..........................................................................................................2

      B.     Defendant Petco's Alternative Motion to Dismiss Claims 1-3 of the '150
              Patent as Indefinite Should Also Be Denied...........................................................9

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**:

*Beneficial Innovations, Inc. v. Advance Publications, Inc.*,
2014 WL 186301 (E.D. Tex. Jan. 14, 2014) (Gilstrap, J., adopting
Report and Recommendation of Payne, J.).........................................................................10

*CLS Bank Int'l v. Alice Corp. Pty. Ltd.*,
717 F.3d 1269 (Fed. Cir. 2013), *aff'd*, 134 S.Ct. 2347 (2014) ......................................3, 4

*Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*,
2015 WL 6956722 (E.D. Tex. Nov. 9, 2015) (Payne, J.) ...................................................8

*CyberSource Corp. v. Retail Decisions, Inc.*,
654 F.3d 1366 (Fed. Cir. 2011).........................................................................................3

*DietGoal Innovations LLC v. Bravo Media LLC*,
33 F. Supp. 3d 271 (S.D.N.Y. 2014)................................................................................3, 4

*E-Watch Inc. v. Apple, Inc.*,
2015 WL 1387947 (E.D. Tex. Mar. 25, 2015) ..................................................................8

*Ex parte Lyell*,
17 U.S.P.Q.2d 1548, 1990 WL 354583 (B.P.A.I. 1990) ............................................2, 7, 8

*H-W Tech., L.C. v. Overstock.com, Inc.*,
758 F.3d 1329 (Fed. Cir. 2014) .........................................................................................5

*In re Katz Interactive Call Processing Patent Litigation*,
639 F.3d 1303 (Fed. Cir. 2011)......................................................................................5, 9

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
430 F.3d 1377 (Fed. Cir. 2005).....................................................................................5, 8

*Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*,
520 F.3d 1367 (Fed. Cir. 2008)....................................................................................1, 6, 7

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
134 S.Ct. 2120 (2014).........................................................................................................9

*Oasis Research, LLC v. AT&T Corp.*,
2012 WL 602202 (E.D. Tex. Feb. 23, 2012) (Mazzant, J.) ....................1, 3, 4, 5, 6, 7, 8, 9

**STATUTES AND OTHER AUTHORITIES**:

Fed. R. Civ. P. 12(b)(6) .................................................................................................1

35 U.S.C. § 100 ...............................................................................................................4

35 U.S.C. § 101 ............................................................................................................3, 4

USPTO *Manual of Patent Examination Procedure* § 2173.05(b) (1999) ......................6

Plaintiff CryptoPeak Solutions, LLC ("Plaintiff" or "CryptoPeak") files this Sur-Reply in Opposition to the Renewed Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6), filed in the above-captioned cases by Defendants AOS, Inc. d/b/a Trading Block; Bed Bath & Beyond, Inc.; Netflix, Inc.; New York Life Insurance Company; Petco Animal Supplies, Inc.; Place Trade Financial, Inc.; State Farm Mutual Automobile Insurance Company; and The PNC Financial Services Group, Inc. (collectively, the "Moving Defendants"), and in support thereof shows the Court as follows:

## INTRODUCTION

The Moving Defendants' argument in their Renewed Motions to Dismiss boils down to this: Are Claims 1-4 and 17 of the '150 Patent (the "Potentially Asserted Claims") invalid as indefinite *per se* because they contain the phrase "A method and apparatus for …" in the preamble, even though the substance of the claims exclusively comprise method steps? The answer is a resounding "No," because:

1. The Court must look to the substance of the claims for patent eligibility purposes; and

2. In substance, the claims are clearly method claims that require action.

Further, the relevant case law fully supports CryptoPeak's position and the validity of the '150 Patent, and nothing in Defendants' reply briefs changes this result. Specifically:

3. A recent case in this District, *Oasis Research, LLC v. AT&T Corp.*, 2012 WL 602202 (E.D. Tex. Feb. 23, 2012) (Mazzant, J.) (attached as Ex. C), is almost directly on point and fully supports CryptoPeak's position.

4.      The fact that the preamble of a method claim recites some physical structure does not invalidate the claims.  *See Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*, 520 F.3d 1367 (Fed. Cir. 2008), along with the *Oasis* case cited above.

5.      The Moving Defendants' primary case, *Ex parte Lyell*, 17 U.S.P.Q.2d 1548, 1990 WL 354583 (B.P.A.I. 1990) is readily distinguishable because the body and substance of the claim at issue there expressly recited both structural elements and method elements and thus impermissibly claimed mixed subject matter.

6.      The Moving Defendants continue to confuse the issue by misapplying a different line of case law, but these cases are off-point.

In addition, Moving Defendant Petco's alternative argument regarding invalidity is mistaken as a matter of fact and law because the claim elements "provides confidence" and "constructing a proof" are terms of art in the field of cryptography/cryptology that advise one skilled in the art with reasonable certainty – and to the extent there is any doubt on this point, there are fact issues that preclude granting a motion to dismiss.

For these reasons, the Moving Defendants' Renewed Motions to Dismiss should be denied.

## ARGUMENT AND AUTHORITIES

**A.      The Renewed Motions to Dismiss Should Be Denied Because the Potentially Asserted Claims Are Proper "Method" Claims and not Improper "Mixed Subject Matter" Claims.**

1.      The Moving Defendants primarily contend that the Potentially Asserted Claims are invalid as indefinite *per se* because they contain the phrase "A method and apparatus for …" in the preamble.  This is not the law.  Instead, the Court must look to the substance of the claims at issue, and the substance demonstrates conclusively that these are ***method*** claims.

As a reminder, the structure of the Potentially Asserted Claims of the '150 Patent, using Claim 1 as an example, is as follows (key elements for this analysis in bold/italics/underline):

| Preamble (signaling **method** steps) | *A **method and apparatus for*** generating public keys and a proof that the keys were generated by a specific algorithm ***comprising the steps of***: |
|---|---|
| **Body of Claim / Limitations** (all **method** steps) | ***the user's system generating a random string*** of bits based on system parameters;<br><br>***the user running a key generation algorithm*** to get a secret key and public key using the random string and public parameters;<br><br>***the user constructing a proof*** being a string of bits whose public availability does not compromise the secret key, but at the same time said proof provides confidence to at least one of a plurality of other entities that said public key was generated properly by the specified algorithm, and wherein said confidence is gained without having access to any portion of said public key. |

"Regardless of what statutory category ('process, machine, manufacture, or composition of matter,' 35 U.S.C. § 101) a claim's language is crafted to literally invoke, we look to the underlying invention for patent-eligibility purposes." *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1374 (Fed. Cir. 2011); *accord CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269, 1288 (Fed. Cir. 2013), *aff'd*, 134 S.Ct. 2347 (2014) ("[W]e must look past drafting formalities and let the true substance of the claim guide our analysis."). Courts have applied this rule in numerous cases, including *CyberSource* and *CLS Bank*, to treat claims as method claims even though they were nominally described in the preamble as a "system" or other physical device. *E.g., CyberSource*, 654 F.3d at 1374-75; *CLS Bank*, 717 F.3d at 1288; *DietGoal Innovations LLC v. Bravo Media LLC*, 33 F. Supp. 3d 271 (S.D.N.Y. 2014); *Oasis*, 2012 WL 602202.

In *CyberSource*, despite the fact that the preamble of the claim at issue described "[a] computer readable medium," the Federal Circuit found that "it is clear that the invention underlying both claims 2 and 3 is a ***method*** for detecting credit card fraud, not a manufacture for storing computer-readable information." *CyberSource*, 654 F.3d at 1374 (emphasis added) (citing *In re Abele*, 684 F.2d 902 (CCPA 1982)).

Similarly, in *CLS Bank*, the Federal Circuit held that a patent claim nominally reciting a "computer readable storage medium" was a method claim in substance and should be treated as such:

> ***Claim 39 thus nominally recites as its subject matter a physical device – a "computer readable storage medium"*** … But under § 101 ***we must look past drafting formalities and let the true substance of the claim guide our analysis***. Here, although the claim's preamble appears to invoke a physical object, the claim term "computer readable storage medium" is stated in broad and functional terms – incidental to the claim – and every substantive limitation presented in the body of the claim (as well as in dependent claims 40 and 41) pertains to the method steps of the program code "embodied in the medium." Therefore, claim 39 is not "truly drawn to a specific computer readable medium, rather than to the underlying method" … Alice's "computer readable medium claims" are thus equivalent to the methods they recite for § 101 purposes. ***In other words, they are merely method claims*** in the guise of a device[.]

*CLS Bank*, 717 F.3d at 1288 (emphasis added).

In *DietGoal*, the preamble of two claims at issue described "[a] system of computerized meal planning…" *DietGoal*, 33 F. Supp. 3d at 274. The plaintiff argued that the patent in suit claimed patentable "machine." *Id.* at 282 n.5. The court analyzed the substance of the claims, however, and concluded that they were in substance "process" or "method" claims:

> "However, the '516 Patent does not claim a computer, or a machine of any type, as its invention. Rather, the independent claims of the '516 Patent recite a 'system' and a 'method' of computerized meal planning, which is to be implemented on an existing general purpose computer. ***These claims clearly contemplate a process, not a machine***."

*Id.* (emphasis added) (citing 35 U.S.C. § 100 ("the term 'process' within the meaning of the Patent Act 'means a process, art or method …'")).

In *Oasis*, which will be discussed at more length below, Judge Mazzant held that a claim nominally described as a "system" in the preamble ("An online computer system …") was in substance a method claim, because the body of the claim exclusively contained method/action steps such as "providing," "establishing," and "requesting." *Oasis*, 2012 WL 602202. Importantly, Judge Mazzant's analysis was in the context of the same doctrine that the Moving Defendants invoke here – that is, a contention that the claim at issue was invalid as indefinite under the "mixed subject matter" doctrine. *Id.*

2. Evaluating the substance of the claims as is required, the Potentially Asserted Claims of the '150 Patent are clearly ***method*** claims. First, the preamble of the claims ends with the phrase "comprising the steps of," which definitively signals that the steps of a patented method are to follow. Then, the body of the claims is comprised solely of ***method*** steps that must be performed for infringement to occur, that is, "the user's system generating …", "the user running a key generation algorithm …", and "the user constructing a proof…"

Remarkably, the Moving Defendants continue to contend that the inclusion of the phrases "the user's system" and "the user" in these claim elements improperly injects "system" elements into these claim terms. Not surprisingly, the Federal Circuit has repeatedly held (including in the *IPXL* case itself) that claim elements written exactly like those at issue here are indeed ***method*** steps. *E.g., H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1336 (Fed. Cir. 2014) ("wherein said user completes" and "wherein said user selects" are method steps); *In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) ("said

certain of said individual callers digitally enter data" is a method step); *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 ("the user uses the input means" is a method step).

3 & 4.  The recent *Oasis* case in this District is almost directly on point and fully supports CryptoPeak's position.  In *Oasis*, the defendants filed a motion for partial summary judgment of indefiniteness against certain claims of the patent in suit under the "mixed subject matter" doctrine.  The independent claim at issue read as follows (in relevant part):

| Preamble<br>(nominally reciting a **system**, yet signaling **method** steps) | ***An online computer system*** providing commercial backup services to remote customer computers over the Internet ***by performing the following steps***: |
|---|---|
| **Body of Claim / Limitations**<br>(reciting **method** steps requiring action) | (a) ***providing*** at least one remote storage area …;<br><br>(b) ***establishing*** a first online Internet session …;<br><br>(c) ***allowing*** the customer to sign up …;<br><br>(d) ***establishing*** a second online Internet session …;<br><br>(e) ***requesting*** the customer to input …;<br><br>(f) ***validating*** the customer identifier …;<br><br>(g) conditioned at least in part on validating step (f), ***allowing*** the customer to access the remote storage area …, ***including the steps of***:<br> (1) ***encrypting*** backup data …;<br> (2) ***transmitting*** the encrypted backup data …;<br> (3) ***storing*** the backup data … |

*Oasis*, 2012 WL 602202 at **2-3.

The defendants in *Oasis* argued that this claim was indefinite for improperly claiming mixed subject matter, relying on *IPXL* and the MPEP provision that the Moving Defendants cite in their motions, among other things.  *Id.* at ** 3-4.  The plaintiff countered that this claim was a method claim as indicated by the performance of a series of steps and, like CryptoPeak here, cited the *Microprocessor Enhancement* case as support.  *Id.* at 3.  Notwithstanding the nominal

recitation of a "system" in the preamble, Judge Mazzant squarely rejected defendants' "mixed subject matter" arguments and denied their motion:

> Claim 1 does not contain both apparatus and method claims. Despite the language in the preamble of Claim 1 that refers to an "online computer system providing commercial backup services," the language in the claim itself clearly contains method steps. "A method claim is composed of a series or sequence of steps, each of which should state an operation expressed in the form of the present participle ('ing'), as, for example, 'heating…,' 'cooling…,' 'reacting…' Such are sometimes referred to as active or action steps." Donald C. Reiley III, et. al., 3 Patent Law Fundamentals § 14:41 (2d ed. 2011). The steps in Claim 1 consist of the following language: (a) providing …; (b) establishing …; (c) allowing …; (d) establishing …; (e) requesting …; (f) validating …; and (g) allowing. The Federal Circuit held in *Microprocessor*, "[m]ethod claim preambles often recite the physical structures of a system in which the claimed method is practiced." *Microprocessor*, 520 F.3d at 1374. Claim 1 is no different, since the preamble recites the structure of a system in which the method is practiced.

*Id.* at *3. The identical rationale applies here – the Potentially Asserted Claims of the '150 Patent are undoubtedly "method" claims, notwithstanding the nominal presence of the word "apparatus" in the preamble.

5. In their reply briefs, the Moving Defendants doubled down on the BPAI case of *Ex parte Lyell* in support of their position. However, *Lyell* is readily distinguishable because the claim at issue there included both system elements and method steps in the **body** of the claim (as well as nominally reciting both a system and a method in the preamble).

The claim at issue in *Lyell* read (in relevant part):

| Preamble<br>(nominally reciting a **system**<br>and a **method**) | ***An automatic transmission tool in the form of a workstand***<br>and ***method*** for using same comprising: |
|---|---|
| **Body of Claim / Limitations**<br>(**system** elements)<br><br><br><br>  **and**<br><br>(**method** steps) | a support means,<br>and [sic] internally splined sleeve …,<br>a threaded adjustment bolt …,<br><br>and further comprising the steps of<br><br>1. positioning the output end …, |

| | 2. removing the internal components …, <br> 3. repairing and replacing said internal components …, <br> 4. adjusting said internal components. |
|---|---|

*Ex parte Lyell*, 1990 WL 354583 at *1.

Not surprisingly, the Board rejected this claim because it impermissibly purported to claim both an apparatus and a method of using the apparatus in the body of a single claim. *Id.* at **1-6. The situation present in *Lyell* is not present here, however. The substance of the Potentially Asserted Claims of the '150 Patent clearly shows them to be ***method*** claims. Unlike the claim at issue in *Lyell*, the body of the Potentially Asserted Claims at issue here and the limitations expressed therein express ***method*** steps only. Accordingly, *Lyell* is not on point here.

6. The Moving Defendants continue to confuse the issue by misapplying a different line of case law, but these cases are off-point. The Moving Defendants continue to attempt to rely on "mixed subject matter" cases where the claims at issue are clearly system claims, and the question is whether those system claims improperly contain method steps. This type of case is well-known to this Court – the dispute relates to a system/apparatus claim and boils down to whether the claim element at issue (*i.e.*, the purported "method" step) constitutes (a) permissible functional/capability language, or (b) an impermissible method step that requires a person or system to affirmatively perform some designated act. The difference is exemplified by two recent cases before this Court. *Contrast E-Watch Inc. v. Apple Inc.*, 2015 WL 1387947 at **5-6 (E.D. Tex. Mar. 25, 2015) (Payne, J.) ("operation of the input device by the user" and "movement by the user" are impermissible method steps), *with Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, 2015 WL 6956722 at **12-13 (E.D. Tex. Nov. 9, 2015) (Payne, J.) ("circuitry operable to send a request" and "circuitry operable to receive" comprise proper functional/capability language that does not create a "mixed subject matter" problem).

This line of cases does not apply here, because the substance of the Potentially Asserted Claims describes a method. Judge Mazzant in *Oasis* made precisely this point in holding this line of cases to be inapplicable, and he expressly rejected the notion that *IPXL* applies in the situation present in this case and in *Oasis*:

> Defendants cite various cases holding that mixed apparatus and method claims are indefinite because it is unclear when infringement occurs. [citations omitted] However, these cases all deal with what appears to be an apparatus claim with method steps added into the claim. *See IPXL Holdings*, 430 F.3d at 1384 ("the system of claim 2 [including an input means] … and the user uses the input means …"); *In re Katz*, 639 F.3d at 1318 ("Katz's claim[s], however, create confusion as to when direct infringement occurs because they are directed both to systems and to actions performed by 'individual callers.'"); *Ariba, Inc.*, 2008 WL 3482521, at *8 ("A device operated by a potential seller is claimed, and the step in question is performed by a different computer, operated by a potential buyer, or the buyer's auctioneer."). ***Therefore, these cases do not apply to the argument advanced by Defendants, because Claim 1 in the present case contains all method steps.***

*Oasis*, 2012 WL 602202 at *4 (emphasis added).

**B. Defendant Petco's Alternative Motion to Dismiss Claims 1-3 of the '150 Patent as Indefinite Should Also Be Denied.**

Defendant Petco persists in its alternative motion that the terms "provides confidence" and "constructing a proof that the private key was generated properly" are indefinite terms of degree. In its reply, Petco criticizes CryptoPeak for not providing evidence that these terms are sufficiently definite in the context of the claims, under *Nautilus*, because they are terms of art in the field of cryptography/cryptology, and not terms of degree in any sense.

As an initial matter, it defies logic that Petco can merely state, without evidence (which of course would be prohibited on a motion to dismiss), that these terms are indefinite, and then chastise CryptoPeak for making its points through legal argument rather than evidence. Of course, evidence is not permitted on a motion to dismiss. Rather, the Court must draw all reasonable inferences in favor of CryptoPeak, the '150 Patent is presumed to be valid, and the

standard for proving invalidity is clear and convincing evidence. Petco has done nothing to overcome the presumption of validity, it has not provided clear and convincing evidence and cannot do so on a motion to dismiss, and moreover, Petco's position is legally and factually wrong.

In substance, the terms that Petco challenges are indeed terms of art. To the extent Petco persists in its misguided argument, CryptoPeak will provide evidence at the appropriate time in the case, whereupon the situation will play out much like it did in this Court's recent case of *Beneficial Innovations, Inc. v. Advance Publications, Inc.*, 2014 WL 186301 at *4 (E.D. Tex. Jan. 14, 2014) (Gilstrap, J., adopting Report and Recommendation of Payne, J.) (attached as Ex. D). In *Beneficial Innovations*, this Court found that in the context of a communications network, the phrase "a predetermined and expected manner" was a term of art; that is, "a definite statement directed to one of skill in the art." *Id.* Similar to Petco here, the defendants in *Beneficial Innovations* made the argument that because "different people have vastly different expectations," the term at issue must be indefinite as subjective. The Court flatly rejected this argument.

For now, the '150 Patent is presumed to be valid, and all reasonable inferences are resolved in favor of CryptoPeak. And despite being challenged to come up with a single case where patent claims have been dismissed as indefinite on a motion to dismiss for the reasons set forth by Petco, Petco could not do so. Petco's alternative motion to dismiss should be denied.

## CONCLUSION

For the reasons set forth herein and in CryptoPeak's response brief, Plaintiff CryptoPeak respectfully requests that the Court deny the Renewed Motions to Dismiss and grant CryptoPeak such other and further relief to which it is entitled.

Dated: December 31, 2015

Respectfully submitted,

*/s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

***Attorneys for Plaintiff***
***CryptoPeak Solutions, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all parties who have appeared in this case on December 31, 2015, via the Court's CM/ECF system, pursuant to Local Rule CV-5(a)(3).

*/s/ Craig Tadlock*
Craig Tadlock